## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **DONALD THOMAS,** | : | |
| **Plaintiff,** | : | |
| | : | |
| **v.** | : | **CIVIL ACTION NO. 20-CV-174** |
| | : | |
| **COMMONWEALTH OF** | : | |
| **PENNSLYVANIA,** *et al.* | : | |
| **Defendants.** | : | |

## MEMORANDUM

Donald Thomas, a convicted prisoner currently incarcerated at SCI-Dallas, has filed a Complaint naming as Defendants the Commonwealth of Pennsylvania, Philadelphia Police Officer Sean Clift, Officer Bennis, Matthew Haggerty, Esquire, and Christopher Phillips, Esquire. Thomas labeled his Complaint as an action for legal malpractice and captioned the case as being filed in the Philadelphia Court of Common Pleas. However, he mailed the pleading to this Court.[1] By prior Order, Thomas was granted leave to proceed *in forma pauperis* and screening of the Complaint was deferred. (ECF No. 12.) For the following reasons, the Complaint is dismissed on screening pursuant to 28 U.S.C. § 1915(e)(2)(B).

## I.    FACTUAL ALLEGATIONS

Thomas's Complaint is not entirely clear. While he labeled his Complaint as one for legal malpractice, he named Defendants who are not attorneys, and lists claims for breach of

---

[1] Because the Complaint was unsigned, the Court entered an Order on May 21, 2020 (ECF No. 6) directing the Clerk of Court to return the unsigned pleading and directing Thomas to sign and return it to the Court if he wanted to proceed with the action. Thomas was also directed to either pay the filing fee or move for leave to proceed *in forma pauperis* and provide a copy of his prison account statement. Thomas submitted a signed copy of the Complaint on July 16, 2020 (ECF No. 1-1) and a motion for leave to proceed *in forma pauperis* and account statement on August 18, 2020. (ECF No. 10, 11.)

contract/expected duties, "causing conflict of interest," "violations of safekeeping of personal property," breach of ethics, and misrepresentation.  (ECF No. 1 at 7.)[2]  He also asserts that unspecified Defendants "violated his rights to Due Process and Equal Protection upon his arrest for negligence and confiscation of his personal property which effected Plaintiff and his family members."  (*Id.*)  He appears to allege that personal property was seized without a warrant (*id.*), specifically, two bichon frise dogs used for breeding, his wallet and vehicle information, and a cell phone.  (*Id.* at 8-9.)  He makes no other substantive allegations concerning the events that may have led to his claims, or how any specific Defendant acted to harm him.  Rather, Thomas has appended documents from his state court criminal case and prison grievance forms to his Complaint without providing a narrative explanation for how those attachments form the basis of a cause of action against any named Defendant.  (*Id.* at 31-75.)  He seeks $150,000 in damages.  (*Id.* at 9.)

A review of publicly available records indicates that Thomas was arrested by Defendant Clift on August 19, 2015.  *See Commonwealth v. Thomas*, CP-51-CR-668-2016 (C.P. Phila.).  Criminal charges including robbery, making terroristic threats, and possession of an instrument of crime were initiated on January 20, 2016.  (*Id.*)  The record shows that Defendant Haggerty entered his appearance as defense counsel in the case on April 28, 2016.  (*Id.*)  Thomas pled guilty to the charges on May 24, 2017.  (*Id.*)  He was sentenced to a term of incarceration of 10-20 years on the robbery conviction to run consecutively to concurrent terms of 2-4 years on the terroristic threats and possession convictions.

Thomas filed a petition pursuant to the Pennsylvania Post Conviction Relief Act on April 27, 2018.  (*Id.*)  He also filed a motion for return of property on August 30, 2018.  (*Id.*)  His

---

[2] The Court adopts the pagination supplied by the CM/ECF Docketing System.

PCRA petition was dismissed on January 18, 2019.  (*Id.*)  His motion for return of property was granted on June 18, 2019.  (*Id.*)  There is no indication he took a direct appeal of his conviction and sentence or an appeal of the denial of his PCRA petition or the result of his motion for return of property.

## II.    STANDARD OF REVIEW

Because the Court has granted Thomas leave to proceed *in forma pauperis*,[3] 28 U.S.C. § 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim.  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted). Conclusory allegations do not suffice.  *Id.*  As Thomas is proceeding *pro se*, the Court construes his allegations liberally.  *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

## III.    DISCUSSION

The vehicle by which federal constitutional claims may be brought in federal court is Section 1983 of Title 42 of the United States Code.  That Section provides in part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983.

---

[3] However, because Thomas is a prisoner, he must still pay the full filing fee in installments as required by the Prison Litigation Reform Act.

## A.     Claims Against the Commonwealth

Thomas seeks money damages from the Commonwealth of Pennsylvania.  This claim must be dismissed.  The Eleventh Amendment bars suits against a state in federal court that seek monetary damages.  *See Pennhurst State Sch. And Hosp. v. Halderman*, 465 U.S. 89, 99-100 (1984); *A.W. v. Jersey City Pub. Schs.*, 341 F.3d 234, 238 (3d Cir. 2003).  As the Commonwealth has not waived its Eleventh Amendment immunity for lawsuits filed in federal court, *see* 42 Pa. Cons. Stat. § 8521-22, it is immune from suits filed in federal court.

## B.     Claims Against Defendants Haggerty and Phillips

To the extent that Thomas seeks to sue Defendants Haggerty and Phillips for civil rights violations, those claims are also dismissed.  The public record shows that Haggerty entered an appearance as Thomas's defense attorney in his criminal case.  Attorney Phillips is not mentioned in the criminal case docket and Thomas does not describe what role Phillips played in his case, or any other factual basis for his constitutional claims against Haggerty and Phillips.

The law is clear that a criminal defense attorney, even one who serves as a public defender or is court-appointed for a criminal defendant "does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."  *Polk Cty. v. Dodson*, 454 U.S. 312, 325 (1981) (footnote omitted).  Moreover, "[a]ttorneys performing their traditional functions will not be considered state actors solely on the basis of their position as officers of the court."  *Angelico v. Lehigh Valley Hosp., Inc.*, 184 F.3d 268, 277 (3d Cir. 1999).  Because they are not state actors, the § 1983 constitutional claims against Haggerty and Phillips are dismissed.

### C.     Claims Against Defendants Clift and Bennis

Defendants Clift and Bennis are alleged to be police officers.  (ECF No. 1 at 5-6.)  While this may qualify them as state actors under § 1983, other than that allegation, neither Defendant is again mentioned by name in the Complaint.  Because Thomas has failed to allege that either Defendant acted to violate his constitutional rights, to the extent he asserts federal constitutional claims against them, those claims must be dismissed as not plausible under 28 U.S.C. § 1915(e)(2)(B).  Because the Court cannot determine at this time whether Thomas can ever assert plausible claims against Clift and Bennis, the federal constitutional claims against these Defendants will be dismissed without prejudice and with leave to file an amended complaint if Thomas is able to assert plausible constitutional claims against them.

### D.     State Law Claims

Because the Court has dismissed all of Thomas's federal claims against all Defendants, the Court will not exercise supplemental jurisdiction under 28 U.S.C. § 1367(c) over any state law claims.  Accordingly, the only independent basis for jurisdiction over any such claims is 28 U.S.C. § 1332(a), which grants a district court jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005) and *Zambelli Fireworks Mfg. Co. v. Wood*, 592 F.3d 412, 419 (3d Cir. 2010) (internal footnotes omitted)).  An individual is a citizen of the

state where he is domiciled, meaning the state where he is physically present and intends to remain.  *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment."  *Pierro v. Kugel*, 386 F. App'x 308, 309 (3d Cir. 2010).

      Thomas, a Pennsylvania inmate, has made no allegation regarding his pre-incarceration domicile[4] nor has he alleged the citizenship of any Defendant, although he asserts that they are all located in Pennsylvania.  Therefore, he has not met his burden to demonstrate there is complete diversity and the state law claims will be dismissed without prejudice for lack of subject matter jurisdiction.[5]

      An appropriate Order follows.

**BY THE COURT:**

**/s/Wendy Beetlestone, J.**

_____

**WENDY BEETLESTONE, J.**

---

[4] The Court notes, however, that Thomas's state court records indicate his pre-incarceration home address was in Philadelphia, Pennsylvania.  (*See* ECF No. 1 at 29.)

[5] Thomas is free to reassert his state law claims in an appropriate state court.