IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| DONALD THOMAS, | : | |
|     Plaintiff, | : | |
| | : | |
| v. | : | CIVIL ACTION NO. 20-CV-174 |
| | : | |
| COMMONWEALTH OF PENNSLYVANIA, *et al.* | : | |
| | : | |
|     Defendants. | : | |

## ORDER

AND NOW, this 9th day of November, 2020, upon consideration of Plaintiff Donald Thomas's *pro se* Complaint (ECF No. 1), it is **ORDERED** that:

1. The Complaint is **DISMISSED IN PART WITH PREJUDICE AND IN PART WITHOUT PREJUDICE** pursuant to 28 U.S.C. § 1915(e)(2)(B) as follows:

    a. All claims against Defendant Commonwealth of Pennsylvania are **DISMISSED WITH PREJUDICE**.

    b. All federal constitutional claims against Defendants Matthew Haggerty, Esq, and Christopher Phillips, Esq. are **DISMISSED WITH PREJUDICE**.

    c. All federal constitutional claims against Defendants Sean Clift and Police Officer Bennis are **DISMISSED WITHOUT PREJUDICE**.

    d. All state law claims against Defendants Sean Clift, Police Officer Bennis, Matthew Haggerty, Esq, and Christopher Phillips, Esq. are **DISMISSED WITHOUT PREJUDICE**.

2. Thomas may file an amended complaint within thirty (30) days of the date of this Order limited to the federal constitutional claims against Defendants Sean Clift and Police Officer Bennis. Any amended complaint must identify all defendants in the caption of the

amended complaint in addition to identifying them in the body of the amended complaint and shall state the basis for Thomas's claims against each defendant.  The amended complaint shall be a complete document that does not rely on the initial Complaint, other papers filed in this case, or papers attached to the amended complaint to state a claim.  When drafting his amended complaint, Thomas should be mindful of the Court's reasons for dismissing the claims in his initial Complaint as explained in the Court's Memorandum.  Upon the filing of an amended complaint, the Clerk shall not make service until so **ORDERED** by the Court.

3. The Clerk of Court is **DIRECTED** to send Thomas a blank copy of the Court's form complaint for a prisoner filing a civil rights action bearing the above civil action number.  Thomas may use this form to file his amended complaint if he chooses to do so.[1]

4. If Thomas does not wish to amend his Complaint and instead intends to stand on his Complaint as originally pled, he may file a notice with the Court within thirty (30) days of the date of this Order stating that intent, at which time the Court will issue a final order dismissing the case.  Any such notice should be titled "Notice to Stand on Complaint," and shall include the civil action number for this case.  *See Weber v. McGrogan*, 939 F.3d 232 (3d Cir. 2019) ("If the plaintiff does not desire to amend, he may file an appropriate notice with the district court asserting his intent to stand on the complaint, at which time an order to dismiss the action would be appropriate." (quoting *Borelli v. City of Reading*, 532 F.2d 950, 951 n.1 (3d Cir. 1976))); *In re Westinghouse Sec. Litig.*, 90 F.3d 696, 703–04 (3d Cir. 1996) (holding "that the district court did not abuse its discretion when it dismissed with prejudice the otherwise viable claims . . . following plaintiffs' decision not to replead those claims" when the district court

---

[1] This form is available on the Court's website at http://www.paed.uscourts.gov/documents2/forms/forms-pro-se.

"expressly warned plaintiffs that failure to replead the remaining claims . . . would result in the dismissal of those claims").

5. If Thomas fails to file any response to this Order, the Court will conclude that Thomas intends to stand on his Complaint and will issue a final order dismissing this case.[2] *See Weber*, 939 F.3d at 239-40 (explaining that a plaintiff's intent to stand on his complaint may be inferred from inaction after issuance of an order directing him to take action to cure a defective complaint).

                                        **BY THE COURT:**

                                        /s/Wendy Beetlestone, J.

                                        **WENDY BEETLESTONE, J.**

---

[2] The six-factor test announced in *Poulis v. State Farm Fire & Casualty Co.*, 747 F.2d 863 (3d Cir. 1984), is inapplicable to dismissal orders based on a plaintiff's intention to stand on his complaint. *See Weber*, 939 F.3d at 241 & n.11 (treating the "stand on the complaint" doctrine as distinct from dismissals under Federal Rule of Civil Procedure 41(b) for failure to comply with a court order, which require assessment of the *Poulis* factors); *see also Elansari v. Altria*, 799 F. App'x 107, 108 n.1 (3d Cir. 2020) (per curiam). Indeed, an analysis under *Poulis* is not required when a plaintiff willfully abandons the case or makes adjudication impossible, as would be the case when a plaintiff opts not to amend his complaint, leaving the case without an operative pleading. *See Dickens v. Danberg*, 700 F. App'x 116, 118 (3d Cir. 2017) (per curiam) ("Where a plaintiff's conduct clearly indicates that he willfully intends to abandon the case, or where the plaintiff's behavior is so contumacious as to make adjudication of the case impossible, a balancing of the *Poulis* factors is not necessary."); *Baker v. Accounts Receivables Mgmt., Inc.*, 292 F.R.D. 171, 175 (D.N.J. 2013) ("[T]he Court need not engage in an analysis of the six *Poulis* factors in cases where a party willfully abandons her case or otherwise makes adjudication of the matter impossible." (citing cases)).