IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **DONALD THOMAS,** : | |
|     **Plaintiff,** : | |
| : | |
| **v.** : | **CIVIL ACTION NO. 20-cv-174** |
| : | |
| **CLIFT**, *et al.* : | |
|     **Defendants.** : | |

## MEMORANDUM OPINION

In a prior Memorandum and Order filed on November 12, 2020, *pro se* Plaintiff Donald Thomas' federal constitutional claims and his claims against the Commonwealth of Pennsylvania were dismissed with prejudice and his remaining state law claims were dismissed without prejudice for lack of subject matter jurisdiction as Thomas had not established diversity between the Parties. Thomas, a convicted prisoner incarcerated at SCI-Dallas, was granted leave to file an amended complaint if he was able to cure the defects in the claims dismissed without prejudice. Thomas returned with an Amended Complaint in which he newly names as Defendants Philadelphia Police Officers "Clift" and Sean Bennis.[1] For the following reasons, the civil rights claims asserted in the Amended Complaint are dismissed with prejudice pursuant to the screening requirements of the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B).[2] All state law claims shall be dismissed without prejudice for want of subject matter jurisdiction.

## I.    FACTUAL ALLEGATIONS

Briefly stated, Thomas alleges that the Defendants violated his due process and equal protection rights when they confiscated two dogs, a smart phone and "other precious items"

---

[1] The original Complaint identified these individuals as "Sean Clift" and "Bennis." The Court will refer to them by the names used by Thomas in the Amended Complaint.

[2] Thomas was granted leave to proceed in forma pauperis by prior order.

1

during his arrest on August 18, 2015.  He asserts that two bichon frise dogs used for breeding were never returned to him because the "two arresting officers . . . never followed police protection procedure or safeguards with these two priceless animals."  He alleges that the loss of the dogs has caused him and his wife confusion and acute psychological damage since he thinks about the love, time, and money he invested in his dogs.  In addition to civil rights claims, Thomas also appears to assert a claim of professional negligence against the two police officer Defendants for gross negligence, conflict of interest, violation of a duty of safekeeping of personal property, breach of ethics, and misrepresentation.  He seeks $60,000 in damages for his loss.

As noted in the prior Memorandum, publicly available records indicate that Thomas was arrested by Defendant Clift on August 19, 2015.  *See Commonwealth v. Thomas*, CP-51-CR-668-2016 (C.P. Phila.).  Criminal charges including robbery, making terroristic threats and possession of an instrument of crime were initiated on January 20, 2016.  Thomas pled guilty to the charges on May, 24, 2017.  He was sentenced to a term of incarceration of 10-20 years on the robbery conviction to run consecutively to concurrent terms of 2-4 years on the terroristic threats and possession convictions.  Thereafter, Thomas filed a petition pursuant to the Pennsylvania Post Conviction Relief Act ("PCRA") on April 27, 2018.  He also filed a motion for return of property on August 30, 2018.  His PCRA petition was dismissed on January 18, 2019.  His motion for return of property was granted on June 18, 2019.  There is no indication that he appealed his conviction and sentence, the denial of his PCRA petition or the result of his motion for return of property.

II.   **STANDARD OF REVIEW**

Because the Court has granted Thomas leave to proceed *in forma pauperis*, 28 U.S.C.

§ 1915(e)(2)(B)(ii) requires the Court to dismiss the Complaint if it fails to state a claim. Whether a complaint fails to state a claim under section 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6), *see Ke v. Pa. State Emps. Retirement Sys.*, 838 Fed. App'x 699, 702 (3d Cir. 2020), which requires the Court to determine whether the complaint contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted); *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) ("At this early stage of the litigation, [w]e accept the facts alleged in [Plaintiff's *pro se*] complaint as true, draw[] all reasonable inferences in [the plaintiff's] favor, and ask only whether [that] complaint, liberally construed, . . . contains facts sufficient to state a plausible [] claim." (alterations in original) (internal quotations omitted)). Conclusory allegations do not suffice. *Id.* As Thomas is proceeding *pro se*, his allegations are liberally construed. *Higgs v. Att'y Gen.*, 655 F.3d 333, 339 (3d Cir. 2011).

### III. DISCUSSION

#### A. Civil Rights Claims Against Defendants Clift and Bennis

Federal constitutional claims may be brought in federal court pursuant to 42 U.S.C. § 1983, which in relevant part provides:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. As police officers, Defendants Clift and Bennis are "state actors" who may be held liable under § 1983. That said, the due process and equal protection claims alleged by Thomas are simply not plausible and must be dismissed pursuant to 28 U.S.C. §

...

1915(e)(2)(B)(ii).

Thomas asserts a Fourteenth Amendment due process claim against Clift and Bennis based on the loss of his two dogs. For due process purposes, dogs are considered to be personal property. *Brown v. Muhlenberg Twp.*, 269 F.3d 205, 209-10 (3d Cir. 2001) ("In Pennsylvania, by statute, all dogs are . . . declared to be personal property. . . ." (internal citations and quotations omitted)). However, there is no basis for a due process claim because the Pennsylvania Tort Claims Act provides Thomas with an adequate remedy for the loss of his personal property. "[A]n unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due Process Clause of the Fourteenth Amendment if a meaningful postdeprivation remedy for the loss is available." *Spencer v. Bush*, 543 Fed. App'x 209, 213 (3d Cir. 2013) (alteration in the original) (quoting *Hudson v. Palmer*, 468 U.S. 517, 533 (1984)); *Shakur v. Coelho*, 421 Fed. App'x 132, 135 (3d Cir. 2011) (per curiam) (explaining that the Pennsylvania Tort Claims Act provides an adequate remedy for a willful deprivation of property by a state actor). As Pennsylvania state law provides Thomas with an adequate remedy for the loss of his dogs, Thomas has failed to state a basis for a due process claim. As a result, Thomas's Fourteenth Amendment due process claim is not plausible and will be dismissed with prejudice.

Thomas also mentions the Equal Protection Clause of the Fourteenth Amendment but makes no factual allegations upon which a plausible claim may be found. "The Equal Protection Clause of the Fourteenth Amendment commands that no State shall 'deny to any person within its jurisdiction the equal protection of the laws,' which is essentially a direction that all persons similarly situated should be treated alike." *City of Cleburne v. Cleburne Living Ctr.*, 473 U.S. 432, 439 (1985) (quoting *Plyler v. Doe*, 457 U.S. 202, 216 (1982)). To establish an equal

protection violation, a plaintiff must allege facts that a state actor treated him differently than others who are similarly situated. *Hill v. City of Scranton*, 411 F.3d 118, 125 (3d Cir. 2005) (citing *Holder v. City of Allentown*, 987 F.2d 188, 197-98 (3d Cir. 1993). "Individuals are 'similarly situated' only if they are alike 'in all relevant respects.'" *Blunt v. Lower Merion Sch. Dist.*, 767 F.3d 247, 273 (3d Cir. 2014). Furthermore, to state a race-based equal protection claim, a plaintiff must allege that defendants were motivated by racial animus. *Hill*, 411 F.3d at 125 (holding that a plaintiff must establish that the unfair treatment was based on an "unjustifiable standard, such as race, or religion, or some other arbitrary factor. . . .").

Nothing in Thomas's Complaint suggests that he was treated differently due to his membership in a protected class. *See Faruq v. McCollum*, 545 Fed. App'x 84, 87 (3d Cir. 2013) ("To state a claim for race- or religion-based discrimination, [plaintiff] needed to show specifically that he received different treatment from that received by other similarly situated inmates."). As Thomas has not alleged that he was treated differently from others who were similarly situated, the Fourteenth Amendment equal protection claim will be dismissed. Moreover, since Thomas has already been provided an opportunity to amend his claims and has still failed to allege a plausible equal protection claim, the dismissal will be with prejudice because further attempts at amendment seem to be futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108, 110 (3d Cir. 2002) (instructing that complaints should be dismissed with leave to amend "unless amendment would be inequitable or futile").

**B.  Claims Based on State Law**

Although it is not particularly clear from the Amended Complaint, Thomas seems to raise claims against Defendants Clift and Bennis based on state law. Specifically, he asserts claims for "professional negligence" based on the Defendants' gross negligence, conflict of interest,

violation of a duty of safekeeping of personal property, breach of ethics, and misrepresentation. Since Thomas's federal claims have been dismissed, subject matter jurisdiction over his remaining state law claims can be found only through diversity jurisdiction or the exercise of supplemental jurisdiction under 28 U.S.C. § 1367(c).  This Court, however, will not exercise supplemental jurisdiction over any state law claims unless there is an independent basis for jurisdiction.  The only independent basis for jurisdiction over these claims is 28 U.S.C. § 1332(a), which grants a jurisdiction over a case in which "the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States."

      Section 1332(a) requires "'complete diversity between all plaintiffs and all defendants,' even though only minimal diversity is constitutionally required.  This means that, unless there is some other basis for jurisdiction, 'no plaintiff [may] be a citizen of the same state as any defendant.'" *Lincoln Ben. Life Co. v. AEI Life, LLC*, 800 F.3d 99, 104 (3d Cir. 2015) (internal citations omitted).  An individual is a citizen of the state where he is domiciled, meaning the state where he is physically present and intends to remain. *See Washington v. Hovensa LLC*, 652 F.3d 340, 344 (3d Cir. 2011).  "[T]he domicile of a prisoner before his imprisonment presumptively remains his domicile during his imprisonment." *Pierro v. Kugel*, 386 Fed. App'x 308, 309 (3d Cir. 2010).  It is the plaintiff's burden to establish diversity of citizenship. *Gibbs v. Buck*, 307 U.S. 66, 72 (1939).

      Thomas does not allege the citizenship of the parties.  Rather, he alleges only that Clift and Bennis are Philadelphia police officers and that he is presently incarcerated at SCI Dallas.[3]

---

[3] Thomas's state court criminal records indicate that his pre-incarceration home address was in Philadelphia, Pennsylvania.

Accordingly, Thomas has not sufficiently alleged that the parties are diverse for purposes of establishing the Court's jurisdiction over any state law claims he intends to pursue.

Even if Thomas had properly alleged that the parties are of diverse citizenship, the Court would still lack jurisdiction over his state law claims. "As a general rule, [the amount in controversy] is determined from the good faith allegations appearing on the face of the complaint." *Spectacor Mgmt. Grp. v. Brown*, 131 F.3d 120, 122 (3d Cir. 1997). "The sum claimed by the plaintiff controls if the claim is apparently made in good faith. It must appear to a legal certainty that the claim is really for less than the jurisdictional amount to justify dismissal." *Dardovitch v. Haltzman*, 190 F.3d 125, 135 (3d Cir. 1999) (quotations omitted). Here, Thomas seeks only $60,000 in damages, which is less than the $75,000 needed for diversity jurisdiction. Since the pleaded amount in controversy is insufficient to create diversity jurisdiction over Thomas' state law claims, his claims will be dismissed without prejudice so that he may bring them in an appropriate state court.

An appropriate order follows.

**BY THE COURT:**

/s/Wendy Beetlestone, J.
_____
**WENDY BEETLESTONE, J.**
